JOHN P. QUIGLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 18, 1947.*

WALLACE THOMPSON, for claimant.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General for respondent.

DAMRON, J.

Claimant seeks an award based on Article 16, Section 11, of the Military and Naval Code of the State of Illinois. (Chap. 129, Ill. Rev. Stat. 1945.)

The record, as constituted, shows that the claimant John P. Quigley, was a private in the Illinois National Guard July 2, 1937, being a member of Battery "A" Field Artillery and on said date was a member of a gun crew engaged in moving a 155 mm. Howitzer in the armory at Galesburg, Illinois. The record discloses that the Battery was moving equipment under orders, preparatory to going to field training and while claimant was assisting in moving the field piece, the tread of the rubber-tired wheel caught the buckle of the claimant's boot, pulling his right foot under the tire.

Section 10 of the Code provides that any officer or enlisted man who may be wounded or disabled in any way while on duty and lawfully performing the same, so as to prevent his working at his profession, trade or other occupation from which he gains his living, shall be

entitled to be treated by an officer of the medical department detailed by the surgeon general and to draw one-half his active service pay for not to exceed thirty days of such disability, on the certificate of the attending medical officer. If still disabled at the end of thirty days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers duly convened by order of the commander-in-chief may determine to be right and just, but not to exceed six months unless approved by the State Court of Claims.

Under the provisions of this section, claimant was hospitalized and received medical treatment. His injured right foot was placed in a cast for 7 weeks, after which he received hydrotherapy treatments at the Illinois Research Hospital in Chicago; all medical and hospital expenses incurred in connection with the injury were paid by the respondent.

On July 5, 1937, a Regimental Board of two medical officers and one service officer, there not being three medical officers available at that time, convened and made findings as follows: That the cause of injury to claimant was from a 155 mm. Howitzer wheel rolling upon the outside of the right foot; that the injury was incurred in line of duty; that the proper length of treatment would be indefinite; and that he would be left at home station with arrangements for further treatment by Dr. William H. Maley of Galesburg, Illinois.

On August 9, 1937, the same Regimental Board reconvened and made further findings and recommended that Private Quigley be sent to a hospital for hydrotherapy treatments and that he be paid fifteen days pay at $2.00 per day.

Thereafter, claimant made claim for additional service pay which was denied by the Adjutant General.

The above and foregoing proceedings were authorized under Section 10 of the Military and Naval Code.

On August 26, 1940, claimant filed his claim in this court seeking to recover an award in the sum of $5,000.00 for permanent and partial loss of use of his right foot under Section 11 of Article 16 of the Military and Naval Code.

Evidence in support of the claim was taken February 28, 1947.

Dr. William H. Maley was called on behalf of claimant and testified that he was a graduate of Rush Medical School, Chicago, Illinois; that he attended the claimant on or about July 2, 1937 at the Armory in Galesburg. The claimant was then taken to St. Mary's Hospital. X-rays were taken of the injured foot and it was placed in a cast. He testified that the junction of the bones of claimant's right foot was badly crushed although there was no definite fracture, that the injury was permanent and that in his opinion this claimant had suffered a twenty per cent permanent loss of use of his right foot in consequence of said accident.

Commissioner Jenkins before whom the testimony was taken saw the claimant manipulate his right foot, at said hearing, agrees with the estimate of Dr. Maley that claimant has suffered a twenty per cent permanent loss of use of his right foot. We therefore follow this estimate.

In *Hall* vs. *State*, 12 C. C. R. 464, on page 467, we said, "whatever right to an award exists in favor of claimant is by virtue of the aforesaid provisions of the Military and Naval Code of Illinois. No hard and fast rule exists for determining what amount should be allowed. In certain of these cases this court has seen fit to take as a guide, but not as a fixed rule, the provisions

of the Illinois Workmen's Compensation Act, in determining what payment would be reasonable for the loss sustained."

Section 8, Paragraph (e) of the Workmen's Compensation Act, as amended, July 1, 1937, provided for the loss of a foot or the permanent and complete loss of its use, 50% of the average weekly wage during 135 weeks.

Again guided by the rule in compensation cases, the claimant's compensation rate, based on the fact that he was the father of two children under 16 years of age dependent upon him for support on the date of the accident, will be $12.00 per week. Claimant therefore would be entitled to an award under the above rule, representing 20% of 135 weeks or 27 weeks at $12.00 amounting to the sum of $324.00.

An award is therefore hereby entered in favor of claimant, John P. Quigley, in the sum of three hundred twenty-four ($324.00) dollars.